IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSWALDO ORDONEZ,

    Petitioner,

v.                                                                                         No. 23-cv-00221-JB-GJF

DANIELLE PHILIPS,

    Respondent.

## **SUPERSEDING ORDER TO CURE DEFICIENCY AND CLARIFY CLAIMS**

This matter is before the Court *sua sponte* upon review of the docket. For the reasons stated herein, the Court concludes that the Petition should be transferred to the United States District Court for the District of Colorado (where Petitioner is confined) or the United States District Court for the Western District of Texas (where Petitioner was sentenced). Petitioner shall be given thirty days within which to clarify his claims.

<u>Background.</u>

Petitioner Oswaldo Ordonez commenced this case by filing a Petition for a Writ of Habeas Corpus on March 13, 2023. (Doc. 1) (the "Petition"). At that time, he was in prison at the Otero County Prison Facility in Chaparral, New Mexico. (Doc. 1 at 6). In the Petition, Ordonez indicated that he had entered a plea agreement, but had not yet been sentenced, in a criminal proceeding in the United States District Court, Western District of Texas (El Paso). *See* W.D. Tex. No. 3:21-cr-725-DB-6.[1] He appeared to challenge the validity of the plea agreement on the bases of ineffective

---

[1] The Court takes judicial notice of the docket in this case, which is referenced in the Petition. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.

assistance of counsel and deprivation of his Fourteenth Amendment rights. (Doc. 1 at 2).

The Petition was docketed in this Court as a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Together with the Petition, Ordonez submitted a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2) (the "IFP Motion"). The IFP Motion did not include a six-month inmate account statement as required by 28 U.S.C. § 1915(a)(2), so the Court entered an Order to Cure Deficiency requiring Ordonez to submit an account statement in support of his IFP Motion. (Doc. 4). In mid-2023, Ordonez was transferred to the Federal Correctional Institution in Florence, Colorado. (Doc. 5).[2]

As the District of New Mexico is no longer the district of confinement, and as Ordonez's criminal case proceeded in the Western District of Texas, the Court was prompted to examine the issues of jurisdiction and venue. For the reasons explained herein, Ordonez will be required to clarify the nature of his claims and to show cause why this habeas case should not be transferred to the district of confinement or to the district court that sentenced him.

Discussion.

It appears that Ordonez seeks relief under 28 U.S.C. § 2255. "A § 2255 petition attacks the legality of a [federal] conviction or sentence and [usually] must be filed in the district that imposed the sentence." *Purvis v. Wiley*, 214 F. App'x 774, 776 (10th Cir. 2007) (citing *Bradshaw v. Story*,

---

1979) (a court may take judicial notice of facts that are part of public records).

2  Subsequently, the Court received a letter written by Terry Sturderant, purportedly on Ordonez's behalf. (Doc. 7) (the Letter). The Letter is not signed by Ordonez and Sturderant has not indicated that he is an attorney qualified to represent Ordonez nor has he entered an appearance as Ordonez's counsel. Studerant may be an inmate confined with Ordonez. Ordonez is advised that inmates are not permitted to represent one another in legal proceedings. *Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) ("[A] pro se litigant may not represent other pro se litigants in federal court.").

86 F.3d 164, 166 (10th Cir. 1996)); *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) *see* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). "Section 2255 owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence." *Jones v. Hendrix*, 143 S. Ct. 1857, 1869 (2023) (emphasis added). The "saving clause" of § 2255(e) provides a narrow exception to this requirement. It allows a federal prisoner to file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *Jones*, 143 S. Ct. at 1866; *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) "To invoke the saving[] clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." (Emphasis in original)).

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose." *Jones*, 143 S. Ct. at 1866 "The saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.*

From the Petition, it is not clear whether Ordonez sought to invoke the saving clause or

whether he perhaps filed the Petition in this district because he was confined here and was unfamiliar with the venue provision of § 2255(a).  If it is the former, Ordonez should show cause in writing grounds for invoking the saving clause so the Court may consider whether to transfer this case to the United States District Court for the District of Colorado (i.e., the current district of confinement). If it is the latter, and Ordonez seeks to challenge his conviction or sentence under § 2255, the Court may transfer this case to the United States District Court for the Western District of Texas.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall file a written response to this Order clarifying whether he seeks to pursue relief under the saving clause of § 2241, in which case the case may proceed in the United States District Court for the District of Colorado or whether he seeks to pursue relief under § 2255, in which case the case must proceed in the United States District Court for the Western District of Texas.

_____
UNITED STATES MAGISTRATE JUDGE